861 F.2d 729
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harold J. HARRIS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1231
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1988.
 
 Before EDWARD S. SMITH, Circuit Judge, SKELTON, Senior Circuit Judge, and NIES, Circuit Judge.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 Harold J. Harris (Harris) appeals the judgment of the United States Claims Court in Harris v. United States, 14 Cl.Ct. 84 (1987). The Claims Court upheld the decision of the Air Force Board for Correction of Military Records (board), which decision sustained the Officer Effectiveness Report (OER) that Harris received in 1978 as uncontrolled. We affirm.
 
 OPINION
 
 2
 There are two standards of review involved in this case. First, the Claims Court's standard of review of the administrative decision is limited to determining whether the decision of the correction board was arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which the complainant has been seriously prejudiced. Heisig v. United States, 719 F.2d 1153, 1156 (Fed.Cir.1983). Second, this court reviews the Claims Court's judgment to determine whether its findings of fact are clearly erroneous or its legal conclusions are incorrect as a matter of law. Id. at 1157-58. Furthermore, it is settled law that courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence. Id. at 1156.
 
 
 3
 First, Harris argues that both the board's decision and the Claims Court's decision are arbitrary, capricious, and unsupported by substantial evidence, because both relied on inferences incorrectly drawn from the record and both failed to consider the record as a whole. We are not persuaded. After a careful review of the entire record, and in view of the parties' arguments on appeal, we cannot conclude that the board's decision is unsupported by substantial evidence, or that the Claims Court made any clearly erroneous findings or that its judgment is incorrect as a matter of law.
 
 
 4
 Second, Harris contends that the board and the Claims Court erred in not concluding the 1978 OER was constitutionally retaliatory and the result of command influence. We disagree. The board's decision is supported by substantial evidence. The board extensively and thoroughly reviewed the charges of racial bias and concluded they were without merit. Because Harris failed to carry his burden on appeal, we affirm the Claims Court's decision on the basis of its opinion.
 
 
 5
 NIES, Circuit Judge, dissenting.
 
 
 6
 I conclude that the Claims Court incorrectly applied the substantial evidence standard of review in this case, rendering its judgment incorrect as a matter of law. Under the substantial evidence standard, the court must take into account the weight of countervailing evidence as well as the evidence found in the record to support the board's decision and determine whether the board's resolution of a disputed fact is reasonable. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951) ("The substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."); SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n, 718 F.2d 365, 381-83, 218 USPQ 678, 690-93 (Fed.Cir.1983) (Nies, J., additional views).
 
 
 7
 This is a suit by a former military officer who was separated from the service allegedly on the basis of a defective Officer Effectiveness Report (OER). Regulations prescribe that OERs must be prepared in a certain way. Hary v. United States, 618 F.2d 704, 707 (Ct.Cl.1980); Sanders v. United States, 594 F.2d 804, 814 (Ct.Cl.1979). In 1975, Air Force regulations instituted a "controlled" OER system, under which raters could only issue a limited number of superior grades. The regulations were changed back to the uncontrolled system previously existent, under which raters were unrestricted by quotas, on October 14, 1978. The change was effective on October 10. Harris' 1978 OER was due on October 10. If an officer had been rated under the controlled system during this time frame, reevaluation was required. The controlling factual issue, thus, was whether Harris had been graded under the controlled or uncontrolled system. The board found that his superiors used the uncontrolled system which means that the OER was not proved defective.
 
 
 8
 In his 1978 OER, Harris received a poor rating. (His OERs both before and after 1978 uniformly indicate Harris was a superior officer.) Thereafter, he failed twice to win promotion and, therefore, was discharged as required by statute. See 10 U.S.C. Sec. 632(a) (1982). If the 1978 OER is found to be in error, a Special Selection Board would have to be convened to determine what effect the invalid OER had on Harris' failure to win promotion.
 
 
 9
 The Claims Court reviewed the evidence which the board held supported a finding that Harris' 1978 OER was correctly rated as uncontrolled: the effective date of the changed regulation and the close-out date for Harris' OER were the same, the ratings forms conformed to the new system, the raters signed the OER forms weeks after they were written, the raters indicated they were aware of the new system, and an Inspector General's report on a discrimination claim viewed the OER as uncontrolled. Relying on that evidence, the court stated that "there is substantial evidence available that the OER was rated as uncontrolled." Harris v. United States, 14 Cl.Ct. 84, 92 (1987). The conflicting evidence was not evaluated.
 
 
 10
 The court's analysis indicates a fundamental misunderstanding of what is required in applying the substantial evidence standard. Simply looking for evidence to support a finding of fact is half the job. The court is required to consider "the whole record," including the evidence opposed to the board's view, to ascertain whether a factfinder could reasonably conclude that Harris failed to establish that he was rated under the improper controlled system.
 
 
 11
 The record contains much highly credible evidence conflicting with the board's finding of an uncontrolled rating. One rater stated in an affidavit that during Harris' rating period the Air Force was "undergoing a change from the controlled to the uncontrolled rating system." He explained that the "perceptions in the unit, during this time period, were to rate as though controls still existed.... If I were to rate Captain Harris' performance then and apply it to today's rating system, which now has all the peculiarities worked out, I'd have to rate him a '1' [top block]." The officer who indorsed Harris' rating stated, "In retrospect, it appears that the input provided me by [Harris'] squadron's leadership may have been incomplete and inaccurate in some instances." Upon reconsidering the facts, he stated he would rate Harris a "1" under the uncontrolled system. The Base Commander acknowledged that "there may have been some improprieties I was not aware of during Captain Harris' ordeal. I did not know that his immediate supervisor would have rendered him a '1' under the decontrolled system." All three officers would have reevaluated Harris' 1978 OER if given the chance.
 
 
 12
 In light of the entire record, I conclude that the technicalities of the date of the report and the like are far outweighed by the statements of the rating officers. Accordingly, I conclude that substantial evidence does not support the board's finding that Harris' 1978 OER was uncontrolled and would reverse.